IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DENISE MILLER,                \*

                           \*

          Plaintiff,      \*

                           \*

        vs.            \*          Civil Action No.  ADC-18-2538

                           \*

TRIDENT ASSET MANAGEMENT, LLC.,  \*

 *et al.*,                 \*

                           \*

         Defendants.    \*

                           \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant Trident Asset Management has filed a Motion for Sanctions (ECF No. 153) requesting attorneys' fees and costs against Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and 15 U.S.C. §1681n(c) and against Plaintiff's counsel pursuant to 28 U.S.C. § 1927. The Defendant also relies on this Court's inherent power to levy sanctions and sets forth the relevant caselaw in support of its motion. Plaintiff responded in what at best can be seen as an attempt to relitigate the granting of summary judgment (ECF No. 149 ["Memorandum Opinion"]) and a re-packaging of her motion to alter or amend judgment (ECF No. 158), sprinkled with a few arguments against sanctions (ECF No. 160). For the reasons set forth below, the Court GRANTS the motion for sanctions.

### FACTUAL BACKGROUND

The Court previously detailed the factual background of this case in the Court's Memorandum Opinion which is incorporated herein. In short, Plaintiff 's daughter, with Plaintiff's knowledge and permission, opened an account for service with Verizon in Plaintiff's name. Plaintiff and/or her daughter failed to pay monies due on the account which fell into arrears in the amount of $189.79, which for reporting purposes was rounded to $190. Verizon closed the account

and reported the debt. Despite her knowledge of the debt and its origin, Plaintiff disputed the debt. Defendant conducted the appropriate investigation and verified the amount and the debt owed Verizon thus meeting all the requirements of both the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA").

In discussions with Defendant, Plaintiff along with Thomas Alston, a paralegal who is not an attorney but reportedly is an "assistant" to Plaintiff's counsel, reported that she was the victim of identity fraud and she had no knowledge of the debt. Plaintiff's statement denying the knowledge and alleging identity fraud was captured in her own handwriting in a correspondence with Defendant. Defendant properly noted that the account was in dispute. Plaintiff, along with Thomas Alston, drafted the complaint and conducted several conversations with various Defendants regarding the debt. Plaintiff also filed suit against nine other defendants who eventually settled their claims with Plaintiff or were otherwise dismissed.

Defendant Trident vigorously defended their claim. At deposition, Plaintiff was represented by her counsel. At deposition Plaintiff admitted that the debt was her daughter's and her daughter used Plaintiff's name with her permission and defaulted. Plaintiff at deposition also testified that she did not know whether the amount due or the credit reporting was accurate. Even after this admission in deposition, Plaintiff and her counsel continued litigating this claim. Plaintiff in opposing summary judgment changed her story again and denied her signature on the letter to Defendant and disavowed her knowledge of identity theft. ECF No. 137-1. Plaintiff's counsel in his declaration denied knowledge of the false identity theft report until the time of deposition. As stated previously, these facts are detailed in the Memorandum Opinion with all the proper references in support.

<u>**A**NALYSIS</u>

<u>**Standard of Review**</u>

Both the FCRA, 15 U.S.C. § 1861, *et seq.*, and the FDCPA, 15 U.S.C. § 1692, *et seq.*, provide for the sanction of attorney's fees when the non-prevailing party has acted in bad faith. "The term 'bad faith,' as it is ordinarily used in the attorney's fee context, requires a showing either that the party subjectively acted in bad faith—knowing that [s]he had no viable claim—or that [s]he filed an action or paper that was frivolous, unreasonable, or without foundation." *Alston v. Branch Banking and Trust Co.*, GJH-15-3100, 2018 WL 4538538 (D.Md. Sept. 20, 2018) (quoting *Ryan v. Trans Union Corp.,* No. 99 C 216, 2001 WL 185182 (N.D.Ill. Feb. 26, 2001)); *see also Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978). In considering whether a filing is made in bad faith, the court will focus on the party's mental state at the time of the filing, regardless of whether the filing turned out to be baseless. *Letren v. Trans Union, LLC.,* PX-15-3361, 2017 WL 4098743, at *1, n. 1 (D.Md. Sept. 15, 2017).

In considering a fee award, the Court must consider the twelve factors that the Fourth Circuit set forth in *Barber v. Kimbrell's Inc.*, 577 F.2d 216 (4th Cir. 1978), to the extent that such factors are applicable. *Letren*, 2017 WL 4098743, at *8. These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fees for like work; (6) the attorney's expectation at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28. In this District, Appendix B of the Local Rules of the District of Maryland established the rules and guidelines for determining attorney's fees in cases such as this.

<u>**Discussion**</u>

The FCRA and the FDCPA are both designed to protect consumers. The FCRA was enacted to "protect consumer privacy," among other things. *United States v. Bormes*, 568 U.S. 6, 7 (2012) (first quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007), then citing 15 U.S.C. § 1681). Specifically, the FCRA's purpose is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce . . . which is fair and equitable to the consumer." 15 U.S.C. § 1681(b). Similarly, the FDCPA was enacted "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)). Both statutes provide civil remedies that enable consumers to hold credit reporting agencies ("CRAs") and debt collectors accountable for violations of the Acts. *See* 15 U.S.C. §§ 1681n–81o, 1692k. Many cases in which plaintiffs bring actions against CRAs and debt collectors under the FCRA and FDCPA are based on genuine violations of the law that can greatly harm consumers. In those cases, the FCRA and FDCPA provide essential relief for unfairly treated consumer plaintiffs. In this case, Plaintiff Miller is not one of the unfairly treated consumers.

As the Court noted in its Memorandum Opinion, there are many troubling aspects to this litigation. When you peel the onion of this case, at its center is a Plaintiff litigant, who happens to be a tenant in a property owned or operated by Thomas Alston. Thomas Alston is no stranger to the United States District Court for the District of Maryland, as noted below. Plaintiff, with or without her daughter, owed a debt to Verizon in the reported amount of $190. Plaintiff falsely alleged, in her own handwriting, that she was a victim of identity fraud. When you set back the clock in this case, the entire claim of Plaintiff aided by Alston rests on fraud. Plaintiff under oath

4

at deposition admitted that the debt was hers, there was no identity fraud, and that she didn't know whether the amount of the debt was accurate or accurately reported, which completely undermined her claim. As this Court stated previously, Plaintiff's fraud is inextricably intertwined with her cause of action. In her Response, Plaintiff argues that she never asserted an identity fraud claim *against* Defendant. ECF No. 160. While that is technically true, Plaintiff ignores the obvious: that the claims she did assert were all based upon her fraudulent assertions that she was unaware of the debt *and* that it was a result of identity fraud. Applying a basic "but for" analysis—but for her fraudulent claim that the debt was not hers—this Defendant would never have found itself wrapped up in this litigation.

The troubling aspects of this case do not stop with Plaintiff's fraud upon this Court, a fraud that resulted in settlement of other claims against some Defendants and dismissals against other Defendants. It seems that Thomas Alston, the paralegal who admitted he assisted Plaintiff in her efforts, has possibly run out of relatives. As Judge Hazel of this Court noted, "the Alston family is engaged in, and profiting from, 'an enterprise of [FCRA] litigation.'" *Alston v. Branch Banking and Trust Co.*, 2018 WL 4538538, at *3 (quoting *Alston v. Creditors Interchange Receivable Mgmt., LLC*, DKC-12-1709, 2012 WL 4370124, at *1). As Judge Chasanow also highlighted, "Thomas Alston has filed a number of FCRA cases in this Court, along with 'numerous, additional and virtually identical cases, filed by persons who appear to be Mr. Alston's mother, Yvonne Alston, sister, Candace Alston, sister Kimberly Alston, and brother, Jonathan Alston, all of whom use the identical address utilized by Thomas Alston.'" *Id.* (citing *Alston v. Creditor's Interchange*, 2012 WL 4370124, at *3). In the instant case, Plaintiff is not a relative but reportedly a tenant of Mr. Alston.

As Judge Messitte of this Court wrote, "but there is more." *Alston v. Experian Info. Sols., Inc.*, PJM-15-3558, 2016 WL 4555056, at *7 (D.Md. Aug. 31, 2016).

> The fact that Plaintiff's surname is "Alston" gives the Court considerable pause. An extraordinary number of FCRA cases have been filed in this Court by allegedly *pro se* "Alston" plaintiffs.

> Thomas Alston, a non-attorney, has not only been among the named *pro se* plaintiffs but appears as well to have been the author-in-fact of several of these *pro se* Alston-Plaintiff suits, as well as other suits, ostensibly filed by *pro se* plaintiffs seeking monetary compensation for trivial harms, such as the alleged failure to promptly receive a mortgage note marked "paid" when it has been paid in full.

*Id.* at *7—8. Like in Judge Messitte's opinion, the Court here takes judicial notice of Thomas Alston's LinkedIn profile (which is still currently active), in which he holds out:

> For the cost of a reasonably priced paralegal, you get the value of a high-caliber attorney. Armed with a thorough understanding of the judicial system, great legal vision, specialized research skill, competitive spirit and writing and communication skills to convey the foregoing, there is no legal task that I cannot accomplish with the utmost competency. Extensive experience in drafting complaints, supporting and opposing briefs, discovery documents and more. I have over 10 favorable court opinions from the US District Court for Maryland and Circuit Court for Prince George's County to back up my proclaimed competencies.

Thomas Alston, LINKEDIN (Dec. 3, 2019, 5:02 PM), https://www.linkedin.com/in/doctormoney.

In another *Alston* opinion, Judge Messitte repeated his concerns over the Alston cases and later noted that over forty[1] other lawsuits were brought by Alstons, who all allegedly lived at the same Cedarhollow Lane address. *Alston v. Orion Portfolio Services, LLC*, PJM-16-3697, 2017 WL 784122, at *1 n.1 (D.Md. Mar 1, 2017). In that case, Plaintiff Jonathan Alston failed to appear at the pretrial conference on September 20, 2018. Thomas Alston appeared on his behalf and was questioned by the Court regarding his relationship to not only that case but other Alston inspired litigation. Thomas Alston refused to answer any inquiries under oath. Alston was very evasive and

---

[1] The number of lawsuits now exceed sixty-five, as evidenced *infra*, note 3.

refused to answer the Court's questions and failed to remember even the simplest matters. *See* PJM-16-3697, ECF No. 74. At the end of the Court's inquiry, Judge Messitte stated:

> Maybe we'll instruct Mr. Jonathan Alston and Mr. Thomas Alston about what they need to do when the crunch comes. Because, apparently, they've been successful in extorting—and I use that word very carefully—settlements from companies that don't want to go to trial. Now the time has come for them to see what you have to do when you really file these suits, what, really it means.

*Id.* at 29.

The troubles don't stop there. Plaintiff's counsel admits that Thomas Alston is "an assistant to Plaintiff's counsel." ECF No. 160 at 8. This Court has the authority to assess attorney's fees against Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and 15 U.S.C. § 1681n(c) and against Plaintiff's counsel pursuant to 28 U.S.C. § 1927. This Court also has the inherent authority to order sanctions in the form of attorney's fees when a party has acted in bad faith. *Chambers v. NASCO, Inc.,* 501 U.S. 31 (1991). Rule 11 also allows for sanctions, and notably here, "a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." FED. R. CIV. P. 11(c)(1). Rule 11 also allows for reasonable attorney's fees and other expenses to be assessed as a sanction. FED. R. CIV. P. 11(c)(4). There has been extensive litigation in this case over nothing more than an actual and properly reported $190 debt that could have been settled with Defendant for one half that amount. Instead, the Plaintiff opportunist with help from Thomas Alston and/or her counsel turned this frivolous, non-existent claim into an attempt to continue the FCRA/FDCPA money making scheme.

All tragedies have a third and final act. For Plaintiff and her counsel, the third act has arrived. It is unfortunate for Defendant that Defendant had to bear the litigation costs along the way. While the Court will decide this motion only as to these facts and this litigation, it would be imprudent to ignore the history concerning Thomas Alston, the paralegal who had in the past

advertised, walked, and talked like a licensed member of the Bar, and who helped this Plaintiff with her negotiations with the CRAs and her filings. As in *Alston v. Branch Banking & Trust Co.*, though Plaintiff's complaint was originally filed *pro so*, "this action appears to have been drafted by an individual with some legal training." *Alston v. Branch Banking & Trust Co.*, GLH-15-3100, 2016 WL 4521651, at *1, n.1 (D.Md. Aug. 26, 2016). As stated above, Judge Hazel noted that "the Alston family is engaged in, and profiting from, 'an enterprise of [FCRA] litigation.'" *Alston v. Branch Banking and Trust Co.*, 2018 WL 4538538, at *3 (quoting *Alston v. Creditors Interchange*, 2012 WL 4370124, at *1). It appears the enterprise has extended outside the family.

It would also be imprudent to ignore the role of counsel in this case, who even after being faced with his client's admission of the debt, the false reporting of identity theft, and her lack of knowledge of whether the reporting was accurate, continued to press this litigation. In a pattern that has repeated itself in other Alston filings, the failure at litigation has resulted in extensive post-summary judgment motions, styled as motions to alter or amend judgment. This post-judgment litigation resulted in even more attorney's fees for Defendant, adding the proverbial insult to injury. The Court's comments are simply based upon the finding that the entire claim of Plaintiff rested upon fraud. *See* Memorandum Opinion at 17–21. There never was a valid claim under the FDCPA/FCRA. There never was identity theft resulting in a fraudulent debt. What did exist was a valid debt of Plaintiff's that was properly reported to the CRAs and a Defendant charged with collection of that valid debt.

To determine whether the Plaintiff acted in bad faith, the Court will focus on the party's mental state at the time of the filing, regardless of whether the filing turned out to be baseless. *Letren v. Trans Union, LLC.*, 2017 WL 4098743, at *1, n. 1. The Defendants successfully removed

this case from Baltimore City Circuit Court (ECF 1). On October 30, 2018, Plaintiff filed an Amended Complaint (ECF No. 35). The pertinent paragraph as to this Defendant reads as follows:

> On all three CRAs' reports were a Trident collection that sought to collect an old Verizon bill in the amount of $190. Ms. Miller inquired about the legitimacy of this purported collection, but Trident did not have any details on how the $190 was calculated and Trident could not verify it legally owned or could collect on the debt. Trident claimed the debt was sold by Verizon and that its authority to collect on the debt was manifested in its reporting of the debt and the dunning letter it sent to Ms. Miller. Although Trident apprised Ms. Miller that the bill went delinquent in January 2013, Trident offered to settle the debt for 50% of the bill amount or $94.90 without disclosing that due to the debt's old age it could not sue on the debt or enforce it in court. The Trident account was inaccurate because Ms. Miller did not owe $190 to Verizon, much less did she owe Trident any money.

ECF No. 35 at 5, ¶ 19.

It is clear from Plaintiff's complaint that when she filed this Amended Complaint on October 30, 2018, Plaintiff denied knowledge of the debt completely. This paragraph 19 tracks identically paragraph 20 of the removed Complaint. The Court uses the Amended Complaint since it is later in time. The Court has previously denied Plaintiff's relief on the merits of this claim, so the above paragraph is cited here only to evidence Plaintiff's mental state at the time of the filing. *See* Memorandum Opinion.

On April 16, 2019 under oath on deposition, Plaintiff admitted: (1) that she owed that money "a long time ago," ECF No. 128-1 at 3;[2] (2) that her daughter opened the account using her name with her permission, *id.* at 6; (3) that she did not know whether the amount of the debt was accurate, *id.* at 5, 8, 12–13; (4) that Thomas Alston assisted her with her credit and creditors prior to the lawsuit and prepared her for what to expect in deposition, *id.* at 4; (5) that Thomas Alston was with her on the phone calls to Trident, *id.* at 9; and (6) that her claim of identity theft she reported was "inaccurate" because the account was not opened as a result of identity theft, *id.* at

---

[2] The Court cites to the page numbers generated by the CM/ECF filing system.

10. The Court further notes that her allegations of violations committed by Defendant under the FCRA and FDCPA were found to be baseless as set forth in this Court's Memorandum Opinion.

It is also remarkable that during discovery, Plaintiff requested the Court order Defendant's Rule 30(b)(6) witness to travel to Washington D.C. for deposition. ECF No. 96. The Court heard argument from counsel and considered submitted legal support. The Court ruled against Plaintiff and held that the deposition of the 30(b)(6) witness would occur in Georgia, the principal place of business of the witness. ECF No. 97. Plaintiff abandoned the deposition of this critical witness. Failure to depose the 30(b)(6) witness indicates to the Court that either finances were an issue or Plaintiff never intended to proceed to trial in this case. Since a tremendous amount of litigation and costs had already been incurred by Plaintiff, the latter seems more likely than not. Plaintiff had also reached settlement or dismissal with all the other Defendants in this case.

I must now determine whether Plaintiff and/or her counsel have acted in bad faith. As stated previously, "[t]he term 'bad faith,' as it is ordinarily used in the attorney's fee context, requires a showing either that the party subjectively acted in bad faith—knowing that [s]he had no viable claim—or that [s]he filed an action or paper that was frivolous, unreasonable, or without foundation." *Alston v. Branch Banking & Trust Co.,* 2018 WL 4538538, at *3 (citing *Ryan*, 2001 WL 185182, at *5).

Here the evidence is clear that Plaintiff acted in bad faith. Plaintiff's state of mind is clearly discernible. She knew the debt was hers, she filed a false claim of identity theft, and she could not say the amount was not correct or was improperly reported. As I stated in the Memorandum Opinion, Plaintiff never had a valid claim. Plaintiff had knowledge of the debt she incurred with her daughter's default, and Defendant met all its obligations under the FCRA and FDCPA. It appears to be evident to the Court that Plaintiff, along with Thomas Alston—who was an employee

"assistant" to counsel—filed these multiple claims against the Defendants in an effort to extract settlements in the same way Thomas Alston and family members had done in the prior cases filed in this Court. The allegations against Defendant were an act of opportunity and had no basis in fact. The action here was "frivolous, unreasonable, [and] without foundation." *Id.* The fraud was so intermingled with her claims against Defendant that the sanction of attorney's fees is warranted against Plaintiff and against her counsel, who is responsible for Thomas Alston under Rule 11. The Court will consider the responsibility of each individually.

The Court does not take lightly an award of sanctions, nor should it. In this case, over what amounted to an acknowledged $190 properly reported debt, resolvable by an offered $95 payment, the Thomas Alston machine cranked out a litigation effort that has cost Defendant significant attorney's fees. The claim was fraudulent from its inception – when Plaintiff and Alston contacted Defendant by phone regarding the debt, Plaintiff knew she owed the debt and knew why. The claims that followed were just an opportunity to use that fraudulent vehicle to squeeze a settlement from Defendant. The Alston machine was not prepared for litigation and the strong defense asserted by Defendant. After all, nine other defendants in this action either settled or were dismissed. There is a striking resemblance of pleadings and strategies throughout all the Alston filings. Some of the prior Alston cases were *pro se* but the pleadings are all similar. As other Judges of this Court have noted, those *pro se* pleadings appear to be drafted by someone with legal experience.

This Court has conducted an analysis of cases filed by Thomas Alston as Plaintiff and related *pro se* cases that involve Thomas Alston and pleadings that appear to be drafted and filed by Thomas Alston and the Alston machinery.[3] This analysis includes some cases in which Jeffrey Styles, Esquire entered an appearance. What is consistent with these filings, and what other Judges

of this Court have noted, is that the pleadings are all very similar with the exception of the factual statements. No case has ever proceeded to trial. When the Plaintiff, either Alston or a relative giving the same address, received an unfavorable decision in either a Motion to Dismiss or Motion for Summary Judgment, the Plaintiff in many cases filed motions to alter or amend the judgment (motions for reconsideration) with the Court. Those motions have almost always been denied. Throughout these cases, Judges have stated repeatedly that Alston coordinates a machinery designed to wring settlements out of defendants with nothing more than "nuisance suit[s]." *Alston v. Orion Portfolio Servs., LLC*, PJM-16-3697, 2019 WL 2450974, at *5 (D.Md. June 11, 2019). As some of these cases indicate, attorney's fees have been awarded. The attached analysis of cases shows the pattern for Alston.

Jeffrey Styles, Esquire entered an appearance in some of the later cases analyzed below. With the exception of a few recent cases filed by Mr. Styles, he did not enter an appearance until the litigation was underway. In the present case, Mr. Styles did not enter an appearance until the first Motion for Reconsideration was filed. I have included the analysis as part of this Opinion. It serves as insight to the state of mind of Alston at the time of the filing of this complaint. Here Alston's and counsel Jeffrey Styles' state of mind is clearly discernible as well. Alston capitalized on a frivolous claim to pressure settlement from Defendant. The activity in this case is consistent with the activity in the other cases filed by Alston, Alston's family members, and other *pro se* Plaintiffs with Alston's help. Plaintiff Miller is just another opportunity to attempt a settlement from this Defendant in a frivolous and admittedly fraudulent claim.

Plaintiff's complaint, removed to this Court on August 17, 2018, was filed *pro se*. The Amended Complaint was also filed *pro se* on October 30, 2018. ECF No. 35. Both appear to be drafted by someone with legal experience. Plaintiff testified Alston helped her in the beginning of

this case. ECF No. 128-1 at 4. The pleadings are identical to prior Alston filings. Mr. Styles did

not enter his appearance until the Motion for Reconsideration (ECF No. 48) was filed on December

12, 2018.

So, the question for the Court is when did Alston or Styles know of the fraudulent nature

of Plaintiff's claim. While the Court may never know the true answer, it is indisputable that counsel

knew at the time of Plaintiff's deposition. In answering this question, the Court looks to the

Declaration of Thomas Alston (ECF No. 160-2) and the Declaration of Jeffrey Styles (ECF No.

160-5) filed in support of Plaintiff's Opposition to Sanctions. At the latest, by the evidence before

the Court, Alston and Styles knew of the fraud and the frivolous claim at the time of Plaintiff's

deposition when she admitted to it, thus evidencing their state of mind. Mr. Styles stated he did

not become aware of the identity theft dispute until the deposition on April 16, 2019, ECF No.

160-5 at 1, and Thomas Alston, his paralegal, attended the deposition with Plaintiff even though

he was asked to leave the room. Alston stated he assisted Plaintiff with her credit report and

drafting of a dispute letter. ECF No. 160-2 at 3. This was before Styles was retained by Plaintiff

in December 2018. ECF No. 160-5 at 1. Once again, the issue of Alston providing unlicensed legal

services arises by his own admissions. ECF 160-2 at 3 ("I assisted [Plaintiff] in the drafting a

dispute letter to Equifax."). From his own declaration, he was providing legal advice to Plaintiff

*before* he introduced Plaintiff to Jeffrey Styles. *See id.*

Thomas Alston provided a deposition in another case on September 5, 2018. *See Best v.

Federal National Mortgage Assoc.*, GJH-17-314, ECF No. 60-4. In his deposition he was asked

about his employment relationship in general. *Id.* at 6. He described his employment as "contract

work" for which he did not receive a W-2. *Id.* at 6–7. When asked about his participation in the

preparation of documents and the legal preparation of the *Best* case, Alston was very vague and

stated he could not remember if he prepared certain documents and whether he provided templates to the Plaintiff in that case. *Id.* at 9–10. In fact, Alston appeared to be vague and evasive in almost all his responses. In the *Best* case, he denied being an employee of and receiving a W-2 from Mr. Styles, but stated he was more of an "independent contractor" with him. *Id.* at 7. The Court understands that Alston's role in the *Best* case is not dispositive of his role here, but we have the declarations of Alston and Styles in this case that clearly state Alston was acting as a paralegal for Jeffrey Styles. While we cannot determine exactly when that relationship began, we know for sure that Alston was acting in that capacity before December 2018 and well before the time of Plaintiff's deposition. From his own admissions and Plaintiff's deposition, Alston was providing unlicensed legal advice and support to Plaintiff which predates the Complaint. *See* ECF Nos. 128-1, 160-2.

In their Declarations, Alston and Styles state they were unaware Plaintiff had falsely claimed she was a victim of identity theft and were unaware of the frivolous nature of the claim prior to the deposition. However, despite being confronted with the fraudulent and frivolous claim and Plaintiff's admission that she had in fact incurred the debt and that she could not say whether it was accurate or accurately reported in order to sustain her complaint, counsel decided to press on with this litigation. Therefore, the Court finds that Jeffrey Styles, who is responsible for paralegal "assistant" Thomas Alston as well, shall pay attorney's fees incurred after the April 16, 2019, deposition of Plaintiff and until this litigation has concluded. Md. Rule 19-305.3.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for sanctions and awards attorney's fees to Defendant to be paid by Plaintiff Denise Miller.

The Court further GRANTS the motion for sanctions and awards attorney's fees to Defendant to be paid by Jeffrey Styles, Esquire, jointly and severally with Plaintiff Miller, incurred from April 17, 2019 until this litigation concludes.

The Court ORDERS Defendant to submit a fee petition of reasonable attorney's fees consistent with this Court's Opinion and in compliance with Appendix B of the Local Rules of the District Court of Maryland for consideration by this Court within 14 days of this opinion. A separate ORDER will follow.

Date: <u>December 4, 2019</u>                                  <u>      /s/                                  </u>
                                                                          A. David Copperthite
                                                                          United States Magistrate Judge

---

[3] Analysis of cases related to Thomas Alston and/or Jeffrey Styles, Esquire. The Court is aware this is not a complete list of all the Alston cases. The information in this analysis was last updated on December 4, 2019.

| Case Number & Plaintiff | Defendants | Result | If/When Styles Enters | Frivolity/ Sanctions |
|---|---|---|---|---|
| RWT-11-2292 Thomas Alston | Creditors Interchange Receivable Management, LLC; Experian (Creditors Interchange paid Alston $1,000) | Closed 10/12/12; Part of consolidated list dismissed for failure to pay filing fees; Plaintiff's Fourth Amended Complaint dismissed with prejudice b/c Defendants never responded | No | In ALL cases that were part of consolidated dismissal for failure to pay fees, Judge Chasanow noted, "It is apparent from the pattern of cases described above . . . that Mr. Alston and his family are engaged in an enterprise of |

| | | | | [FCRA] litigation and are profiting from it." DKC Order mandated Thomas and Kimberly Alston pay costs in all consolidated cases. |
|---|---|---|---|---|
| JFM-11-3722 Thomas Alston | FIA Card Services N.A. (Alston received $500) | Closed 08/06/2012 Part of consolidated list dismissed for failure to pay filing fees; -Settled, order of dismissal (ECF No. 13) | No | See RWT-11-2292 |
| RWT-12-670 Thomas Alston | Experian Information Solutions, Inc. | Closed 05/17/2012 Part of consolidated list dismissed for failure to pay fees; -Settled, order of dismissal (ECF No. 11) | No | See RWT-11-2292 |
| RWT-12-721 Thomas Alston | Trans Union LLC; Solutions, Inc. (not served before dismissal) (Trans Union paid $7,500) | Closed 10/11/2012 Part of consolidated list dismissed for failure to pay fees; -Settled, order of dismissal (ECF No. 14) | No | See RWT-11-2292 |
| JFM-12-1512 Candace Alston | Monarch Bank; Deborah W. Lane; Amy McCarthy | Closed 07/16/2012 Part of consolidated list dismissed for failure to pay fees; -TRANSFERRED to E.D.Va. (ECF Nos. 11, 12, & 13) | No | See RWT-11-2292 |
| AW-12-1708 Thomas Alston | NCO Financial Systems, Inc. | Closed 10/11/2012 Part of consolidated list dismissed for failure to pay fees; (No other proceedings before consolidated dismissal w/ prejudice) | No | See RWT-11-2292 |

| | | | | |
|---|---|---|---|---|
| DKC-12-1709 Kimberly Ann Alston | Portfolio Recovery Associates | Closed 09/10/2012 Part of consolidated list dismissed for failure to pay fees; -Settled, order of dismissal (ECF No. 11) | No | See RWT-11-2292 |
| AW-12-1815 Johnathan Alston | Transworld Systems Inc. | Closed 06/29/2012 Part of consolidated list dismissed for failure to pay fees; -Settled, order of dismissal (ECF No. 9) | No | See RWT-11-2292 |
| AW-12-1819 Thomas Alston | Bank of America, N.A. | Closed 10/11/2012 Part of consolidated list dismissed for failure to pay fees; (No other proceedings before consolidated dismissal w/ prejudice) | No | See RWT-11-2292 |
| JFM-2001 Thomas Alston | Wells Fargo Bank, N.A. | Closed 10/11/2012 Part of consolidated list dismissed for failure to pay fees; (No other proceedings before consolidated dismissal w/ prejudice) | No | See RWT-11-2292 |
| PJM-12-2063 Kimberly Ann Alston | United Collection Bureau, Inc. | Closed 10/11/2012 Part of consolidated list dismissed for failure to pay fees; (Def. didn't have chance to answer before dismissal) | No | See RWT-11-2292 |
| AW-12-2064 Thomas Alston | Professional Account Management, LLC | Closed 10/11/2012 Part of consolidated list dismissed for failure to pay fees; (Def didn't have chance to answer before dismissal) | No | See RWT-11-2292 |
| AW-12-2065 Thomas Alston | Cavalry Portfolio Services, LLC; Robertino Gooding | Closed 10/11/2012 Part of consolidated list dismissed for failure to pay fees; (No other proceedings before consolidated dismissal w/ prejudice) | No | See RWT-11-2292 |

| PJM-12-2244 Candace Alston | First Premier, Inc. | Closed 03/07/2013 Part of consolidated list for failure to pay fees, but NOT dismissed; Def. filed MSJ, followed by a Stipulation of Dismissal 8 days later; order dismissing (ECF No. 19) | No | See RWT-11-2292 |
|---|---|---|---|---|
| PJM-12-2270 Yvonne Alston | Hartford Financial Services, Inc. | Closed 12/19/2012 Part of consolidated list dismissed for failure to pay fees, but not yet closed; -Stipulation of Dismissal with plaintiff receiving no payment from Def. (ECF No. 15) (granted ECF No. 16) | No | See RWT-11-2292 |
| RWT-12-2533 Kimberly Ann Alston | GE Capital Bank; JC Penney Corp., Inc. (neither Def. served) | Closed 10/11/2012 Part of consolidated list dismissed for failure to pay fees; Summons not yet served when case dismissed | No | See RWT-11-2292 |
| RWT-12-2542 Thomas Alston | ER Solutions, Inc. | Closed 10/11/2012 Part of consolidated list dismissed for failure to pay fees; **Judge Titus ORDERED Alston to file response under seal of all settlements he previously received from other cases so far, which he did file | No | See RWT-11-2292 |
| DKC-12-2711 Yvonne Alston | Central Credit Services Inc. | Closed 08/26/2013 Part of consolidated list dismissed for failure to pay fees, but not closed on these grounds; -SJ entered in favor of Defendant (ECF Nos. 21 & 22) -no motion for reconsideration/ amend judgment | No | See RWT-11-2292 |

| RWT-12-2732 Candace Alston | HSBC Card Services, Inc. | Closed 11/05/2012 Part of consolidated list dismissed for failure to pay fees; -HSBC filed stipulation of dismissal—unclear if there was a settlement -dismissal granted (ECF No. 17) | No | See RWT-11-2292 |
|---|---|---|---|---|
| DKC-12-3294 Thomas Alston | LHR, Inc. | Closed 03/01/2013 -Settled, order dismissing (ECF No. 12) | No | No |
| AW-12-3357 Candace Alston | Discover Financial Services | Closed 10/25/2013 -Settled in settlement conference with Judge Day, order dismissing (ECF No. 29) | No, but attorney Shikha Parikh entered appearance in ECF No. 13, after Def. filed answer and a scheduling order was set | No |
| AW-12-3589 Thomas Alston | Cavalry Portfolio Services, LLC; Capital Management Services, LP; Accounts Receivable Management, Inc. | Closed 08/21/2013 -ECF Nos. 15 & 16: granting Cavalry's MTD in part with leave to amend -ECF Nos. 41 & 42: granting Capital Management's MTD Alston's Second Amended Complaint -ECF No. 35: Alston's voluntary dismissal of Accounts Receivable Management (never served) -Cavalry filed stipulation of dismissal (ECF No. 39)— | No | No, but Judge noted Alston's prior findings and DKC's Order in his Mem. Op. re First MTD |
| AW-12-3671 | Wells Fargo Bank, N.A. | Closed 11/21/2013 -Def filed MTD (ECF No. 8), and Alston filed a | No | No |

| | | | | |
|---|---|---|---|---|
| Thomas Alston | | Motion for Sanctions against Def b/c Def filed MTD (ECF No. 13) (denied ECF No. 20)<br>-MTD granted in part (ECF No. 17 & 18)<br>-Alston filed partial MSJ (ECF No. 32) (denied ECF No. 43 & 44)<br>-Alston filed Motion to Correct/ Amend denial of SJ (ECF No. 47) (denied ECF No. 52)<br>-*Alston* filed Stipulation of Dismissal (ECF No. 51)— | | |
| AW-12-3745 Thomas Alston | Wells Fargo Bank, N.A. | -dismissed for being duplicate case (of 12-3671) | No | No |
| DKC-13-913 Johnathan Alston | United Collection Bureau, Inc. | Closed 03/04/2014<br>-MTD (ECF No. 10), Alston filed Amended Complaint two weeks later (ECF No. 14); Def. filed another MTD (ECF No. 16)<br>-filed for leave to file Second Amended Complaint (ECF No. 23) (denied ECF No. 27)<br>-MTD granted, judgment entered against J.Alston (ECF No. 26&27)<br>-Motion for Reconsideration (ECF No. 28) (denied ECF No. 31)<br>-Alston appealed to Fourth Circuit, which affirmed D.Md. | No | No |
| RWT-13-1012 Yvonne Alston | Palisades Collection, L.L.C. | Closed 07/02/2013<br>-Alston filed partial MSJ (ECF No. 15)<br>-Def filed notice of settlement (ECF No. 16) five days later (granted) | No | No |

| PWG-13-1218 Yvonne Alston | Northstar Location Services, LLC | Closed 05/14/2013<br>-Alston filed notice of settlement (ECF No. 11) less than one month after case removed | No | No |
|---|---|---|---|---|
| PWG-13-1226 Thomas Alston | HSBC Card Services, Inc.; Capital One Bank, N.A. | Closed 05/22/2013<br>-Alston and Defs entered joint stipulation to extend time to respond to complaint (ECF No. 7), which was denied (ECF No. 8)<br>-Defendants filed notice of settlement (ECF No. 12) less than one month after case removed | No | No |
| PWG-13-1232 Thomas Alston | Equifax Information Services, LLC | Closed 11/27/2013<br>-Alston filed stipulation of dismissal; actual document is joint statement of settlement (ECF No. 19)<br>    —note: does not appear that parties actually had settlement conference | No, but attorney Scott C. Borison entered appearance after case had been referred for settlement | No |
| PJM-13-1598 Thomas Alston | ER Solutions, Inc. | Closed 10/04/2013<br>-Alston filed Mot to Strike affirmative defenses (ECF No. 11), and Def subsequently filed amended Answer (ECF No. 16)<br>-Defendants filed notice of settlement after some discovery had been completed (ECF No. 20) | No | No |
| RWT-13-1704 Thomas Alston | RJM Acquisitions LLC; Plaza Recovery, Inc. (term 8/16/13); Jefferson Capital Systems, Inc. | Closed 12/19/2013<br>-Alston and JCS filed joint motion to stay pending settlement (ECF No. 20); Alston voluntarily dismissed (ECF No. 32)<br>-Alston filed Motion to Strike affirmative defenses by BCR (ECF No. 22), and BCR filed notice of | No | No |

| | | | | |
|---|---|---|---|---|
| | (term 9/27/13); Bureau of Collection Recovery (term 9/27/13) | settlement ~2 weeks later (ECF No. 25)<br>-Alston filed voluntary dismissal as to Plaza (ECF No. 23)<br>-Alston filed Motion to Strike affirmative defenses as to RJM (ECF No. 31), and RJM filed amended Answer (ECF No. 36); RJM filed notice of settlement (ECF No. 38) | | |
| DKC-13-2388 Yvonne Alston | LVNV Funding, LLC (term 10/22/13); Equifax Information Services, LLC; Experian Information Solutions, Inc. (term 2/5/14); Trans Union LLC (term 1/7/14) | Closed 7/23/2014<br>-TU filed answer (ECF No. 13), and Alston filed Motion to Strike affirmative defenses (ECF No. 18); TU filed motion in opp. (ECF No. 20), to which Alston replied (ECF No. 26). J. Chasanow granted in part and denied in part Alston's motion (ECF No. 32). TU filed stipulation of dismissal stating matters had been settled (ECF 35) (granted ECF No. 36)<br>-LVNV filed answer (ECF No. 14), and Alston filed Motion to Strike affirmative defenses (ECF No. 17); LVNV filed stipulation of dismissal stating Alston dismissed claims against it (ECF no. 27) (granted ECF No. 28)<br>-Experian filed answer (ECF No. 25); filed line of settlement (ECF No. 37), and Experian filed stipulation of dismissal (ECF No. 39)<br>-Equifax filed answer (ECF No. 30), Alston and Equifax filed joint status report | No | No |

| | | | | |
|---|---|---|---|---|
| | | stating they settled (ECF No. 40) and stipulated dismissal (ECF No. 43) (granted ECF No. 44) | | |
| DKC-13-2390 Johnathan Alston | Equifax Information Services, LLC; Experian Information Solutions (term 10/16/13); Trans Union LLC (term 9/13/13) | Closed 12/19/2013 -TU filed answer (ECF No. 12), and then a stipulation of dismissal, which did not say whether there was settlement (ECF No. 15) (granted ECF No. 16) -Experian dismissed via settlement order (ECF No. 19) and stipulation of dismissal (ECF No. 21) (granted ECF No. 22) -Alston filed Notice of Settlement with Equifax (ECF No. 23) | No | No |
| TDC-13-2675 Yvonne Alston | RBS Citizens, N.A. (Citizens Bank) | Closed 8/14/2014 -RBS filed answer (ECF No. 8), and Alston filed Motion to Strike affirmative defenses (ECF No. 14); court issued letter order memorializing call saying RBS had 14 days to oppose (ECF no. 15) -Joint stipulation of dismissal - Alston voluntarily dismisses (ECF No. 19) | No | No |
| RWT-14-656 Candace Alston | Virginia Heritage Bank | Closed 5/6/2014 -No answer, VHB filed stipulation of dismissal less than two months after case filed (ECF No. 9) (granted ECF No. 10) | No | No |
| PWG-14-2987 Yvonne Alston | Chase Bank USA, N.A.; Bank of America, N.A. | Closed 3/6/2015 -Chase filed answer (ECF No. 9); BOA filed answer (ECF No. 10) — *no* motions to strike filed -Order staying proceedings pending expedited | No | No |

| | | | | |
|---|---|---|---|---|
| | | settlement conference (ECF No. 18)<br>-parties settled before settlement conference (*see* ECF No. 23) | | |
| DKC-14-3199<br>Thomas Alston:<br>*class action plaintiff* | Citibank, N.A. | Closed 7/9/2015<br>-Citibank filed MTD (ECF No. 11), which J. Chasanow granted in part and denied in part (ECF Nos. 16, 17)<br>-Alston filed notice of voluntary dismissal (ECF No. 22) | No | No |
| TDC-15-3099<br>Thomas Alston & Johnathan Alston:<br>*class action plaintiffs* | Equifax Information Services, LLC (term 2/9/2016); Experian Information Solutions, Inc. (term 1/29/16); Transunion, LLC (term 2/18/16); LexisNexis Risk Solutions, Inc. | Closed 2/25/2016<br>-TU filed answer (ECF No. 18), and then another answer to amended complaint (ECF No. 44)<br>-Experian and Lexis filed MTDs (ECF Nos. 30, 31), and Alstons filed amended complaint (ECF No. 39-2). Lexis filed notice of intent to file a MTD as to Amended Complaint (ECF No. 47)<br>-Experian and Alstons settled (*see* ECF Nos. 46, 58)<br>-Equifax filed joint motion for settlement (ECF No. 51) (granted ECF No. 53)<br>-TU filed stipulation of dismissal (ECF No. 55) (granted ECF No. 56)<br>-Lexis filed joint motion for settlement (ECF No. 57) (granted ECF No. 60) | No | No |
| GJH-15-3100<br>Yvonne Alston | Branch Banking & Trust Co. (term 4/20/17); Equifax Information | ON APPEAL for Atty's Fees<br>-TU and BB&T filed MTDs (ECF Nos. 18, 22), and Alston filed Amended Complaint (ECF No. 27) | No<br><br>Judge Hazel's first Mem. Op. (ECF No. 50) | -TU filed Motion for Atty's Fees (ECF No. 80) because "serial filer" Alston "knowingly filed a lawsuit that was |

| | | | | |
|---|---|---|---|---|
| | Services, LLC (term 4/7/17); Experian Information Solutions, Inc. (term 9/21/16; TransUnion, LLC; Midland Credit Management Inc. (term 9/19/16— never served) | - Equifax and TU filed Answers to amended complaint (ECF Nos. 29, 30)<br>-Experian and BB&T filed MTDs amended complaint (ECF Nos. 31, 32)<br>-TU filed Motion for Judgment on Pleadings (ECF No. 44), which Alston opposed and filed for costs (ECF No. 47)<br>-ORDER: (1) Experian's MTD granted, (2) granting in part and denying in part BB&T's MTD, (3) granting in part and denying in part TU's MJOP, (4) allowing Alston to file Second Amended Complaint (ECF Nos. 50, 51)<br>**Court issued discovery order (ECF No. 62), which Alston did not follow, and she did not participate in discovery<br>-Alston filed Motion to Alter/Amend Order (ECF No. 67), which was denied (ECF Nos. 77, 78)<br>-Equifax filed notice of settlement (ECF No. 68)<br>-TU filed MSJ (ECF No. 71), which was granted (ECF Nos. 77, 78)<br>-BB&T filed stipulation of dismissal (ECF No. 76)<br>-TU filed Costs and Motion for Atty's Fees (ECF Nos. 79, 80); Court awarded fees (ECF No. 89)<br>-Alston filed motion to Alter/Amend award of fees (ECF no. 90), which was denied (ECF No. 95). | notes in the introductio n that while Alston was "ostensibly proceeding *pro se*," her filings "appear to have been drafted by someone with some legal training, and her claims are similar to multiple other cases that have been filed in this Court by Plaintiff and other members of her family." | frivolous, unreasonable, without foundation and devoid of evidentiary support," among other similar reasons.<br>-In Mem. Op. granting motion in part and awarding fees (ECF No. 89), Judge Hazel "recognizes that Alston is not a normal *pro se* litigant proceeding without assistance of counsel," but does not find Alston brought action against TU in bad faith. Judge also noted in referencing other Alston cases that "the Court will not be so obtuse as to assume that Alston, or whoever drafter her action herein, was not also involved in these actions."<br>-J. Hazel did find that Alston's response to TU's MSJ was filed in bad faith, and awarded TU fees related to the bad faith filings |

| | | Plaintiff appealed (ECF No. 96) | | |
|---|---|---|---|---|
| DKC-15-3393 Thomas Alston; Johnathan Alston (term 1/14/16) | Equifax Information Services, LLC<br><br>(also filed against LexisNexis, Transunion, and Experian, but these defendants were not served and terminated 1/14/16) | Closed 2/9/16<br>-Equifax filed MTD and Motion to Strike Class allegations b/c pro se plaintiffs can't maintain class actions (ECF No. 8)<br>-Alston filed Amended Complaint (ECF No. 16)<br>-Equifax filed joint motion for settlement (ECF No. 19) | No | No |
| JFM-15-3394 Candace Alston | Equifax Information Services, LLC; Trans Union, LLC (term 1/10/17; Dovenmuehle Mortgage, Inc. (term 1/10/17; Monarch Bank (term 1/10/2017)<br><br>(*case consolidated with TDC-16-608*) | Closed 2/8/2018<br>-Equifax filed MTD (ECF No. 8), and Alston filed Amended Complaint (ECF No. 11)<br>-Monarch filed Answer (ECF No. 18)<br>-Equifax and DMI filed MTDs (ECF Nos. 15, 22)<br>-Alston opposed Equifax's MTD and filed an MSJ as to Equifax (ECF No. 17), which Alston also opposed DMI's MTD and filed an MSJ as to DMI (ECF No. 29), which was denied (ECF No. 30)<br>-Alston filed another Amended Complaint (ECF No. 53)<br>-Equifax and TU filed joint MTD (ECF No. 63), and DMI and Monarch filed joint MTD (ECF No. 65)<br>-Court granted both MTDs as to everyone *except* Equifax (ECF Nos. 74, 75) | Quinn Breece Lobato entered appearance on 3/2/16 (ECF No. 46) | No |

| | | | | |
|---|---|---|---|---|
| | | and entered judgment against Alston<br>-Equifax filed Answer (ECF No. 77)<br>-Alston filed Motion for Reconsideration (ECF No. 78), but then filed Motion to Withdraw (ECF No. 82)<br>-Alston filed notice of voluntary dismissal as to Equifax (ECF No. 87) | | |
| PJM-15-3558<br>Troy Alston | Experian Information Solutions, Inc.;<br>Equifax Information Services LLC (term 11/22/16);<br>Trans Union LLC;<br>Willams & Fudge, Inc. (term 9/15/16);<br>George Mason University (term 8/31/16) | Closed 2/6/2017<br>-TU, Equifax, and W&F filed Answers (ECF Nos. 13, 15, 24), but Experian filed an MTD (ECF No. 25), and Alston filed an Amended Complaint (ECF No. 27)<br>-Equifax and W&F filed Answers to Amended Complaint (ECF Nos. 30, 34)<br>- TU and Experian filed MTDs the amended complaint (ECF Nos. 32, 37), which the Court granted (ECF Nos. 57, 58)<br>-GMU filed MTD for lack of jurisdiction (ECF Nos. 51, 52), which was granted (ECF No. 58)<br>-Alston filed a Motion for Leave to file Second Amended Complaint (ECF No. 65), and Motion to Alter or Amend judgment (ECF No. 66)<br>-Alston filed stipulation of dismissal as to W&F (ECF No. 63)<br>-Alston filed stipulation of dismissal as to Equifax (ECF No. 75)<br>-TU filed notice of settlement (ECF No. 78) | No | No |

| | | -Experian filed stipulation of dismissal (ECF No. 82) | | |
|---|---|---|---|---|
| RWT-15-3592 Thomas Alston | AOL Inc. | Closed 12/22/2015 -No responsive pleadings before AOL filed Stipulation of Dismissal (ECF No. 14) | No | No |
| PJM-16-04 Thomas Alston | Wells Fargo Bank, N.A.; Capital One, N.A. (term 6/24/16) | Closed 8/5/2016 -WF and Capital One both filed MTDs (ECF Nos. 14, 25) -Capital One filed joint stipulation of dismissal (ECF No. 31) -Alston opposed WF's MTD and filed MSJ (ECF No. 21) -Court converted WF's MTD to a cross-MSJ, and granted SJ in favor of WF (ECF Nos. 33, 34) *Alston did NOT move to alter/amend or appeal (but court did not impose fees) | No | No |
| GJH-16-491 Thomas Alston, Candace Alston, Yvonne Alston | Bank of America, N.A. (term 5/11/16); Capital One, N.A. (term 6/28/16); Transunion, LLC | Closed 6/28/2017 -TU filed Answer (ECF No. 15), and Capital One and BOA filed MTDs (ECF Nos. 18, 21) -Alstons filed Amended Complaint (ECF No. 24) -Thomas and Yvonne *only* filed stipulation of dismissal as to TU (ECF No. 25) -Capital One and TU filed Answers to Amended Complaint (ECF Nos. 26, 27) -Candace filed Motion to Strike TU's affirmative defenses (ECF No. 32), which was granted in part and denied in part (ECF Nos. 44, 45) -BOA filed notice of dismissal (ECF No. 33) | No | No |

| | | -Capital One filed joint stipulation of dismissal (ECF No. 42)<br>-TU filed stipulation of dismissal (ECF No. 49) | | |
|---|---|---|---|---|
| TDC-16-608<br>Candace Alston;<br>Thomas Alston (term 7/29/16) | Monarch Bank | Closed 1/12/2017<br>-Thomas dismissed from action for lack of standing (ECF No. 26)<br>*-case was consolidated with [JFM]-15-3394* | Attorney Quinn Breece Lobato entered appearance (ECF No. 21) on behalf of Candace | No |
| PJM-16-3697<br>Johnathan Alston | Orion Portfolio Services, LLC;<br>**Trident Asset Management, L.L.C.**<br><br>*based on a debt to Verizon* | *Open<br>-Orion and Trident filed MTD (ECF No. 9), which Court granted (ECF Nos. 15, 16); Alston filed Amended Complaint (ECF No. 19), and Orion and Trident filed Answer (ECF No. 20)<br>*---When the court granted MTD, it included lengthy footnote instructing Alston to file an affidavit that the case was brought in good faith* (ECF No. 15, at 1 n.1)<br>-Alston filed Affidavit in which he states Thomas does not help him with his pleadings, but he talks to his family "generally" (ECF No. 17-3)(see ¶ 25 in particular)<br>-Ds filed Mot. to Compel (ECF No. 22), which was granted (ECF No. 24). Ds then filed Mot for Atty's fees for MTC (ECF No. 25), which the court also granted (ECF No. 32)<br>-Alston filed Objection to grant of MTC (ECF No. 26), and a Motion to Enforce an | No | -in first Mem. Op., Judge Messitte wrote footnote calling Alston's LinkedIn advertisement into question and detailing Alston cases (ECF No. 15)<br>-granted Motion for Atty's fees re Motion to Compel (ECF No. 32)<br>-granted Motion for Sanctions, finding "Alston has clearly failed to prosecute his case in good faith," and "Overall, Alston has displayed a pattern of total disregard for the basic requirements of good faith litigation." (ECF No. 80, **June 11, 2019**). "Sad to |

| | | alleged settlement agreement (ECF No. 28); also filed Motion to Reconsider atty's fees (ECF No. 40)<br>-Ds filed Motion for partial SJ (ECF No. 36)(**Alston Dep. at 36-2**), which Alston opposed and filed a cross-MSJ (ECF No. 46). Court granted Ds MSJ with prejudice, and denied Alston's MSJ with prejudice (ECF Nos. 50, 51)(see particularly ECF No. 50 at 7 n.3)<br>-Court later denied Alston's Mot. to Enforce Settlement (ECF No. 58), and Alston filed Mot. to Reconsider (ECF No. 65), which was denied (ECF No. 69)<br>-Court sent Alston letter advising that he was potentially subject to sanctions for not responding to discovery (ECF No. 70)<br>-Ds filed R.41(b) MTD and Mot for Sanctions (ECF No. 67), which was granted with prejudice (ECF No. 80, 81)<br>-Ds filed Motion for Atty's Fees and Costs (ECF No. 82) (PENDING)<br>-Alston filed Motion for Relief from Judgment (ECF No. 88) (PENDING) | | say, this appears to be little more than a classic nuisance suit."<br>-Motion for Atty's Fees is PENDING (ECF No. 82) |
| GJH-16-3918 Thomas Alston | Equifax Information Services, LLC (term 6/14/17); Experian Information | Closed 6/14/2017<br>-All Defs filed Answers (ECF Nos. 8, 10, 16)<br>-TU filed stipulation of dismissal (ECF No. 22)<br>-Equifax filed stipulation of dismissal (ECF no. 24) | No | No |

| | | | | |
|---|---|---|---|---|
| | Solutions, Inc.; Trans Union, LLC | -Experian notified court of settlement (ECF No. 27) | | |
| GJH-17-314 Dawud J. Best

Alston deposed (ECF No. 60-4) | Federal National Mortgage Association (Fannie Mae); Capital One, N.A.; Brock & Scott, PLLC | *Open
-All Defs filed MTD (ECF No. 14) and a Motion to Strike Best's motion to file amended complaint (ECF No. 18). The MTD was denied as Moot, and the MTS was denied (ECF Nos. 31, 32)
-Best also filed MSJ (ECF No. 19), which was denied as Moot (ECF Nos. 31, 32)
-Court filed paperless order modifying scheduling order, and Best filed motion to reconsider (ECF No. 54) (PENDING)
-Defs filed MSJ (ECF No. 60), which included depo of Thomas Alston (ECF No. 60-4) (PENDING) | Styles entered appearance after Court set new deadlines for MSJs and close of discovery (ECF No. 57) | No |
| TDC-17-2748 Thomas Alston | ABC Financial Services, Inc.; LMD Gyms, LLC; GBG, Inc.; Gold's Gym International, Inc. (seemingly never served) | Closed 11/13/2017
-case remanded to state court after Alston filed second amended complaint removing federal claim (ECF Nos. 22, 25) | No | No |
| PX-17-2866 Thomas Alston | OneMain Financial, LLC (term 10/27/17); OneMain Financial, Inc. | Closed 12/14/2017
-OneMain filed MTD (ECF No.9), and Alston filed Amended Complaint (ECF No. 16)
-OneMain then filed a MTD the amended complaint (ECF No. 21)
-Alston filed Notice of Voluntary Dismissal | No | No |

| | | | | |
|---|---|---|---|---|
| | | pursuant to FRCP 41(a)(1)(A)(i) (ECF No. 23) | | |
| CBD-17-2938 Thomas Alston; Curtis Ross (term 11/7/17) (described as "non-party" in ECF No. 40); Carey Vaughn; Tavaris Pittman; Shawanda Pittman; Bandon Pittman | Federal National Mortgage Association; Seterus, Inc.; ServiceLink Field Services | Closed 5/8/2019 -ServiceLink filed Answer (ECF No. 25), and FNMA and Seterus filed MTD (ECF No. 29), which was granted in part and denied in part (ECF Nos. 40, 41) -Alston filed Second Amended Complaint as directed (ECF No. 42), to which all Ds filed Answers (ECF Nos. 43, 44, 45) -case referred to Judge Sullivan for settlement (ECF No. 51) -All parties filed stipulation of dismissal (ECF No. 71) | Styles entered appearance on behalf of Vaughn and all Pittmans (ECF No. 58), after case referred for settlement conference | No |
| TDC-17-3278 Tracy Arthur Alston | Eberwein Group, LLC (Merlin Auto Club); John Lund Keller | Closed 6/17/2019 -Def filed MTD (ECF No. 9), which was denied b/c Def didn't file notice of intent to file motion first (ECF No. 14) -Def filed second MTD (ECF No. 30), which was granted in part and denied in part (ECF Nos. 38, 39) -Alston filed Notice of Intent to file Motion for Reconsideration (ECF No. 45), which the court Struck (ECF No. 50) -Def then filed joint stipulation of dismissal with prejudice (ECF No. 52) | Styles entered appearance (ECF No. 51) after Alston was instructed to show cause for absence from conference call | No |
| TDC-17-3734 Thomas Alston | Home Depot U.S.A., Inc. | Closed 2/28/2018 -Home Depot filed MTD (ECF No. 7), which was dismissed only for failing to file notice of intent (ECF No. 11) | No | No |

| | | | | |
|---|---|---|---|---|
| | | -HD filed intent (ECF No. 12), and Alston filed an amended complaint (ECF No. 15)<br>-HD filed Notice of Settlement (ECF No. 16) | | |
| CBD-18-170<br>Estate of Russell E. Morgan Sr.;<br>Russel E. Morgan, Jr. | BWW Law Group, LLC;<br>Rushmore Loan Management;<br>Nationstar Mortgage, LLC (term 11/20/19);<br>Federal Home Loan Mortgage Corporation (Freddie Mac) (term 11/20/19);<br>US Bank, N.A.;<br>Legacy Mortgage Asset Trust 2017-GSI (seemingly not served) | *Open<br>-2 MTDs between all Defs (ECF Nos. 36, 37), and Plaintiffs were granted leave to file Second Amended Complaint (ECF no. 46), which they did (ECF No. 47)<br>-BWW, Rushmore, and US Bank filed another MTD (ECF No. 49), and Freddie Mac and Nationstar filed notice they would rely on original MTD (ECF No. 50). Both were granted in part and denied in part (ECF Nos. 67, 68, 69, 70)<br>-Plaintiffs filed motion for leave to file Third Amended Complaint (ECF No. 63), which was granted (ECF No. 76). Plaintiffs then filed Third Amended Complaint (ECF No. 74)<br>-BBW, Rushmore, and US Bank filed Motion to Stay pending settlement discussions (ECF No. 77), which was granted (ECF No. 78)<br>-Freddie Mac and Nationstar filed Stipulation of Dismissal (ECF No. 79)<br>-BWW filed Motion to Stay pending settlement (ECF No. 81), which was granted (ECF No. 82) | Jeffrey Styles filed Motion to Appear Pro Hac Vice (ECF Nos. 11, 14), which was supported by Quinn Breece Lobato | No |

| GJH-18-2425 Thomas Alston; Brandon Pittman | Deutsche Bank National Trust Co.; Ocwen Loan Servicing, LLC; Altisource Solutions, Inc. (seemingly never served) | *Motion to Alter/Amend Pending<br>-Defs filed MTD (ECF No. 10), and Plaintiffs filed leave to file Second Amended Complaint (ECF No. 14)<br>-Judge Hazel denied amendment and dismissed case b/c it is barred by *res judicata* (ECF Nos. 21, 22)<br>-Plaintiffs filed Motion to Alter/Amend judgment (ECF No. 23) (PENDING) | No | No |
|---|---|---|---|---|
| GJH-18-2519 Thomas Alston | AT&T Services, Inc.; (other defendants listed, but not served under this number) | *case consolidated with GJH-18-2529 | No | No |
| GJH-18-2529 Thomas Alston | AT&T Services, Inc.; Credit One Bank, N.A.; Great Plains National Bank; Home Point Financial Corp. (not served); Milestone Distribution, Inc. (not served); First Premier Bank | *Open<br>-First Premier filed MTD (ECF No. 5), Alston Amended Complaint (ECF No. 9), and First Premier filed another MTD (ECF no. 11), which was denied (ECF Nos. 18, 19)<br>-First Premier filed Answer (ECF No. 22), and Alston filed Motion to Strike affirmative defenses (ECF No. 23) (PENDING) | No | No |
| PX-18-2540 Christopher Owens | Wells Fargo Bank; Credit Control Services, Inc.; Diversified Consultants, | Closed 10/10/2019<br>-TU (ECF No. 8), Experian (ECF No. 12), DCI (ECF No. 14), WF (ECF No. 19, and CCSI (ECF No. 22) filed individual Answers | Styles did not file Complaint, but docket does not reflect when his | No |

| | | | | |
|---|---|---|---|---|
| | Inc. (term 8/20/19); Enhanced Recovery Co., LLC (term 10/3/18); Navient Solutions, LLC (term 8/30/19); Equifax Information Services, LLC (term 10/3/18); Experian Information Solutions, Inc. (term 5/8/19); Trans Union, LLC (term 6/6/19) | -Equifax (ECF No. 10), Navient (ECF No. 26) filed individual MTDs<br>-Owens voluntarily dismissed ERC (ECF No. 30) and Equifax (ECF No. 31); filed stipulations of dismissal as to DCI (ECF No. 36) and Experian (ECF No. 38)<br>-Court allowed Owens to file amended complaint (ECF No. 40), which he did (ECF No. 41)<br>-Owens voluntarily dismissed Experian (ECF No. 42), and filed notice of settlement as to Navient (ECF No. 44)<br>-CCS and WF filed Answers to the amended complaint (ECF Nos. 46, 47)<br>-TU filed stipulation of dismissal (ECF No. 48)<br>-WF filed stipulation of dismissal (ECF No. 58) | appearance was entered. First entry is ECF No. 33 | |
| CCB-18-2728 Eltina Matthews | Bank of America (term 4/12/19); Credit One Financial (term 4/23/19); I.O., Inc.; Southwest Credit Systems, L.P.; Equifax Information Services, LLC (term 10/23/18); Experian Information | Closed 9/25/2019<br>-Equifax filed MTD (ECF No. 4), but Matthews voluntarily dismissed Equifax (ECF No. 14)<br>-Southwest filed Motion to Strike Complaint (ECF No. 7), which BOA joined (ECF No. 9). These motions were granted (ECF No. 21)<br>-Matthews filed Motion for Reconsideration of granting the Motions to Strike (ECF No. 22), which was granted (ECF No. 28), and Matthews filed an Amended Complaint (ECF No. 30)<br>-Matthews filed Notices of Settlement as to Credit One | Styles did not file Complaint, and his notice of appearance is not on docket. First filing is ECF No. 22, which is a Motion for Reconsideration | No |

| | | | | |
|---|---|---|---|---|
| | Solutions, Inc. (term 8/14/19) | (ECF No. 41) and Southwest (ECF No. 44), and filed Voluntary Dismissals as to BOA (ECF No. 45), Experian (ECF No. 52), and I.O. (ECF No. 56) | | |
| TDC-18-2829 Thomas Alston | Barclays Bank Delaware | Closed 6/28/19 -Barclays filed MTD (ECF No. 12), which was denied without prejudice pending limited discovery (ECF No. 31) -Alston filed motion for extension of time to complete discovery (ECF No. 36), which was granted (ECF No. 38) -Alston filed notice of settlement (ECF No. 39) | No | No |
| TJS-19-1475 Thomas Alston; SAIC Realty and Investments, LLC; SWDC Investments LLC | Service One, Inc.; Wilmington Savings Fund Society, FSB | Closed 11/21/2019 -Defs filed MTD (ECF No. 21) -a Joint Notice of Settlement filed (ECF No. 23), followed by Defs filing a stipulation of dismissal two months later (ECF No. 24) | Styles filed complaint | No |
| GJH-19-2331 Dawud J. Best *class action plaintiff* | Newrez LLC; Federal National Mortgage Association (Fannie Mae); Brock & Scott, PLLC | *Open -B&S filed a MTD, and Fannie Mae and Newrez together filed a MTD (ECF Nos. 12, 14) (PENDING) -Best filed Amended Complaint (ECF No. 19) -Fannie Mae and Newrez filed joint MTD (ECF No. 22) (PENDING) | Styles filed complaint | No |
| PJM-19-2495 Carey Vaughn | Transit Employees Credit Union; Richard D. London & | *Open -TECU filed Answer (ECF No. 4) *no other litigation yet | Styles entered appearance after case removed | No |

| | | | | |
|---|---|---|---|---|
| | Associates, P.C. (not yet served) | | from Circuit Court (ECF No. 6) | |
| PWG-19-3112 Monica Garey | BWW Law Group LLC; SunTrust Mortgage Inc.; SunTrust Bank | *Open (filed 10/25/19) -SunTrust (2) filed Answer (ECF No. 12) *no other litigation yet | Styles filed complaint | No |