IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DENISE MILLER,** ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:18-cv-02538-ADC |
| ) | |
| vs. ) | |
| ) | |
| **TRIDENT ASSET MANAGEMENT, LLC,** ) | |
| **ET AL.** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT TRIDENT ASSET MANAGEMENT'S ATTORNEY FEE PETITION
PURSUANT TO THIS COURT'S DECEMBER 4, 2019 ORDER**

COMES NOW, Defendant, Trident Asset Management, LLC ("Defendant" or "Trident"), by and through undersigned counsel, and pursuant this Court's December 4, 2019 Memorandum Opinion and Order [ECF No. 167-168], hereby submits this Fee Petition in the amount of THIRTY THREE THOUSAND FOUR HUNDRED FIFTY ONE DOLLARS AND FORTY ONE CENTS ($33,451.41), and in support states as follows:

**I.   BACKGROUND**

On September 19, 2019, following this Court's Memorandum Opinion granting Trident's Motion for Summary Judgment [ECF No. 149], Trident filed its Motion for Sanctions [ECF No. 153] seeking payment of its reasonable attorneys' fees incurred in defending this lawsuit against Plaintiff Denise Miller and her counsel, Jeffery Styles, Esq.[1]  *Id*.  On December 4, 2019, this

---

[1] Trident's Motion for Sanctions and this Court's Memorandum Opinion states the spelling of Plaintiff counsel's name as "Jeffrey Styles."  After investigation, the correct spelling of counsel's name is "Jeffery Styles."  *See*, [Exhibit 1] (DC Bar Attorney Search Printout); [Exhibit 2] (Email from Jeffery Styles); [Exhibit 3] (September 2010 Newsletter from Sullivan, Styles & Barros, LLP).  Inexplicably, Mr. Styles uses the incorrect spelling "Jeffrey" in his signature block throughout this case even though his signature in the Certificate of Service contains the correct spelling.  *See, e.g.*, [ECF No. 160 at Pg. 12].  Further, Mr. Styles even spelled his name incorrectly in his electronically signed Declaration, whereas Mr. Alston's Declaration is signed in wet ink.  *Cf.* [ECF No. 160-2] and

Court granted Defendant's Motion and ordered Defendants' to file the instant Fee Petition. [ECF No. 167-168].

This case was filed almost eighteen (18) months ago in the Circuit Court for Baltimore City, Maryland.[2]  Since that time, Defendant has incurred significant legal expenses and costs defending Plaintiff's bad faith claims whose counsel "continued to press this litigation" even after "faced with his client's admission of the debt, the false reporting of identity theft, and [Plaintiff's] lack of knowledge of whether the reporting was accurate." [ECF Np. 167 at Pg. 8]. This Court noted that "[i]t is unfortunate for Defendant that Defendant had to bear the litigation costs along the way." *Id*. at Pg. 7.

This Court granted Trident's Motion and awarded Trident its reasonable attorneys' fees and costs against Plaintiff.  [ECF No. 168].  This Court also awarded Trident its reasonable attorneys' fees and costs against Plaintiff's counsel, jointly and severally with Plaintiff, from April 17, 2019 through the end of this litigation.

While all of the fees requested by Trident's counsel are reasonable, significant amounts of those fees were incurred due to the unreasonable litigation tactics by Plaintiff and her counsel. In particular, Plaintiff filed unnecessary and duplicitous motions, disputed the forum upon which

---

[ECF No. 160-5].  Mr. Alston references Mr. Styles in his Declaration, but uses the "Jeff<u>rey</u>" spelling.  [ECF No. 160-2 at ¶ 5].   Even more, Mr. Styles appears to have used the incorrect spelling of his name when registering for his CM/ECF log-in, although he does have a second log-in where his name is spelled correctly.  See, *Estate of Russell E. Morgan, Sr. v. BWW Law Group, LLC*, Case No. 8:18-cv-00170-CBD (D.Md. Jan. 18, 2018).

Although undersigned counsel does not know why Mr. Styles routinely spells his name incorrectly, one possible explanation is that Mr. Alston is the author-in-fact of these pleadings and papers and that Mr. Alston is not aware of the correct spelling of Mr. Styles' first name.

[2] This Court recognized that the Complaint was originally filed *pro se*, and that Mr. Styles entered his appearance on December 12, 2018. [ECF No. 28].  Mr. Styles was first admitted to practice before this Court on November 16, 2018, and his appearance was entered almost immediately after his admission.  Mr. Styles also entered his appearance in the same fashion in other Alston-type cases before this Court.  *See, e.g.*, *Owens v. Wells Fargo Bank, N.A.*, Case No. 1:18-cv-02540-PX (D.Md. 2018) (Case was filed *pro se* and Mr. Styles first entered his appearance on December 12, 2018).

to take a Rule 30(b)(6) deposition (only to ultimately abandon deposing the representative), and even failed to appear at the Settlement Conference ordered by this Court.

The fees sought herein are the reasonable attorneys' fees and costs incurred by Trident.

## II. STANDARD OF REVIEW

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonable expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This approach is commonly known as the "lodestar method". *Grisson v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). In considering a fee award, the Court also considers the twelve factors that the Fourth Circuit set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978), to the extent that such factors are applicable. These factors include:

(1) The time and labor expended
(2) The novelty and difficulty of the questions raised
(3) The skill required to properly perform the legal services rendered
(4) The attorney's opportunity costs in pressing the instant litigation
(5) The customary fees for like work
(6) The attorney's expectation at the outset of the litigation
(7) The time limitations imposed by the client or circumstances
(8) The amount in controversy and the results obtained
(9) The experience, reputation, and ability of the attorney
(10) The undesirability of the case within the legal community in which the suit arose
(11) The nature and length of the professional relationship between attorney and client
(12) Attorneys' fee awards in similar cases.

*Barber*, 577 F.2d at 226, n. 28. Appendix B of the Local Rules of the District of Maryland establish the rules and guidelines for determining attorney's fees in this Court.

This Court is not required to address what portion of the award is attributable to each factor. In fact, as the United States Supreme Court noted in *Hensley*, many of the relevant

factors "are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate" and need not, therefore be specifically considered. *Hensley*, 461 U.S. at 434, n. 9. As such, this Court's is not required to address each factor when rendering a decision. *See*, *Zhang v. GC Services, LP*, 537 F.Supp.2d 805, 812 (E.D.Va. 2008).

### III. FEES AND COSTS REQUESTED

Defendant seeks reimbursement for 125.5 hours of work by three (3) attorneys and one (1) paralegal. Ronald S. Canter, Esq. (Partner practicing for 40 years) performed 4.3 hours of work on this case, Bradley T. Canter, Esq. (Managing Attorney/Associate practicing for 6 years) performed 117.8 hours of work on this case, and Matthew W. Fogelman, Esq. (Associate practicing for 8 years) performed 1.0 hours of work on this case.[3] Paralegal Monica D. Lun performed 2.3 hours of work on this case.

The rates sought are reasonable as evidenced by the attached Affidavit of Bradley T. Canter, Esq. [Exhibit 4]. The rates charged to Defendants are consistent with Appendix B to the Local Rules of this Court. *See also*, *Poole v. Textron, Inc.*, 192 F.R.D. 494, 509 (D.Md. 2000) (noting that Appendix B to the Local Rules "provide[s] a presumptively reasonable range of hourly rates") and *Hairston v. Prince George's County*, 2012 WL 5995451, at *2 (D.Md. Nov. 28, 2012) ("In the District of Maryland, a district judge's determination is also guided by Appendix B to the Court's Local Rules, which sets out non-binding guidelines regarding hourly rates.").

---

[3] Mr. Fogleman's involvement in this case was limited to his appearance at the Initial Scheduling Conference due to Bradley T. Canter, Esq.'s unavailability. The Scheduling Conference was conducted on January 29, 2019, and then rescheduled to January 31, 2019.

Ronald S. Canter, Esq.'s hourly rate during this case was $445.00 in 2018 and $455.00 in 2019.  Bradley T. Canter, Esq. and Matthew W. Fogleman, Esq.'s hourly rate during this case was $245.00 in 2018 and $255.00 in 2019.[4]

Based on their years of practice, the foregoing rates are reasonable, as is demonstrated by the table below:

| Attorney/Paralegal | Local Rules Rate | Rate in this Matter |
|---|---|---|
| Ronald S. Canter (RSC) | $300-$475 | $445-$455 |
| Bradley T. Canter (BTC) | $165-$300 | $245-$255 |
| Matthew W. Fogleman (MWF) | $165-$300 | $245-$255 |
| Monica D. Lun (MDL) | $95-$150 | $145 |

The reasonable hourly rates multiplied by the number of hours expended is as follows:

| Attorney/Paralegal | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| RSC | 4.3 | $445-$455 | $ 1,957.00 |
| BTC | 117.8 | $245-$255 | $ 29,992.00 |
| MWF | 1.0 | $245-255 | $ 255.00 |
| MDL | 2.3 | $145 | $ 333.50 |

***TOTAL         $ 32,537.50***

Pursuant to Appendix B(1)(b), the total time and fees billed for each litigation phase is as follows:

| Litigation Phase | Hours | Lodestar |
|---|---|---|
| Case Administration | 8.4 | $ 2,113.00 |
| Pleadings | 3.4 | $ 803.00 |
| Written Discovery | 20.7 | $ 5,287.50 |
| Depositions | 15.6 | $ 4,087.00 |
| Motions Practice[5] | 68.2 | $ 17,926.00 |
| ADR | 4.7 | $ 1,198.50 |
| Fee Petition | 4.5 | $ 1,147.50 |

---

[4] Effective January 1, 2019, Bradley T. Canter, Esq.'s hourly rate increased to $300.00 per hour.  However, based upon the long standing relationship between Trident and undersigned counsel, Trident was charged $255.00 per hour for this case.

[5] In its Memorandum Opinion granting Trident's Motion for Sanctions [ECF No. 167], this Court observed the "pattern" of "extensive" motion practice conducted by Plaintiff and Mr. Alston.  This conduct caused Trident to incur attorneys' fees that otherwise would not have been incurred.

These amounts can be further broken down as to the date they were incurred relative to April 17, 2019:

| Litigation Phase | Before 04/17/19 | 04/17/19 to 12/09/19 |
|---|---|---|
| Case Administration | $ 1,282.50 | $ 830.50 |
| Pleadings | $ 803.00 | $ 0.00 |
| Written Discovery | $ 2,570.00 | $ 2,717.50 |
| Depositions | $ 1,881.50 | $ 2,205.50 |
| Motions Practice | $ 271.50 | $ 17,654.50 |
| ADR | $ 51.00 | $ 1,147.50 |
| Fee Petition | $ 0.00 | $ 1,147.50 |

*TOTAL*        **$ 6,859.50**     **$ 25,703.00**

Trident also incurred reasonable costs of $913.91 reflecting a deposition fee to Planet Depos of $813.91 and a $100.00 fee to file a Motion to Appear *Pro Hac Vice*.[6]

The attached Affidavit of Bradley T. Canter, Esq. sets forth further information about each professional. [Exhibit 4]. Defendants also attach the contemporaneous time records in chronological order broken down by the amount of time spent on each task performed [Exhibit 5], as well as summaries of the time records for each litigation phase. [Exhibit 6]. Exhibit 6 breaks down each litigation phase into fees incurred before and after April 17, 2019.

## IV. *BARBER* FACTORS

### 1. The time and labor expended

The time records attached as Exhibit 5, and summarized in Exhibit 6, evidence the time and labor expended by Trident's counsel to defend this case. This lodestar method is a useful starting point to any fee petition. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

### 2. The novelty and difficulty of the questions raised

---

[6] Trident moved for the admission of Michael Chapman, Esq. *pro hac vice* as he is Trident's counsel in the State of Georgia. Since Plaintiff noted the deposition of Trident's representative in the State of Georgia, Mr. Chapman's appearance was necessary to eliminate the costs of undersigned counsel traveling to Georgia. Ultimately, Plaintiff abandoned taking the deposition.

Due to Plaintiff's litigation practices, Defendant has to oppose several motions as well as file its own Motion for Summary Judgment. Although undersigned counsel has defended similar claims to those that FDCPA and FCRA claims in Plaintiff's Amended Complaint, the bad faith nature of the filings necessitated unique briefing to prevail on the merits and then on Trident's Motion for Sanctions.

3. **The skill required to properly perform the legal services rendered**

Undersigned counsel and his law firm primarily practice in the field of creditor's rights, including the defense of lawsuits claiming violations of the FDCPA, FCRA, and state law consumer protection statutes. These skills allowed undersigned counsel to represent Trident without "reinventing the wheel", which kept attorneys' fees to as much as a minimum as they could.

4. **The attorney's opportunity costs in pressing the instant litigation**

This factor is applicable when an attorney works on a contingency fee basis. Since Trident's counsel charged an hourly fee, any time spent on this case made it impossible to work on any other case.

5. **The customary fees for like work**

Lawyers customarily charge an hourly fee for the defense of FDCPA and FCRA claims. Section 3 of Appendix B to the Local Rules establishes a reasonable and customary rate for attorneys based on the number of years admitted to the bar. Each hour rate charged by the individual attorney is within the guidelines. A recent decision by Court determined that fees within Appendix B are reasonable for an FDCPA case. *See*, *Garza v. Mitchell Rubenstein & Associates, P.C.*, 2016 WL 7468039 (D.Md. Dec. 27, 2016).

6. **The attorney's expectation at the outset of the litigation**

This factor does not apply to this litigation.

**7.    The time limitations imposed by the client or circumstances**

This factor does not apply to this litigation.

**8.    The amount in controversy and the results obtained**

Undersigned counsel obtained the best possible result for Trident. Trident prevailed on the merits through its Motion for Summary Judgment and was awarded sanctions in the form of attorneys' fees.

**9.    The experience, reputation, and ability of the attorney**

Counsel for Trident has significant experience, reputation, and abilities as attorneys in FDCPA and FCRA litigation. Ronald S. Canter, Esq. has nearly forty (40) years of experience representing creditor clients. He supervises Bradley T. Canter, Esq. and Matthew W. Fogleman, Esq., each of whom has also represented creditor clients in FDCPA and FCRA litigation.

In fact, some of the cases cited by this Court in its Memorandum Opinion were cases wherein the creditor-defendant was represented by Trident's attorneys. *See, e.g.*, *Alston v. Experian Info. Sols., Inc.*, 2016 WL 4555056 (D.Md. Aug. 31, 2016) and *Alston v. Orion Portfolio Services, LLC*, 2017 WL 784122 (D.Md. Mar. 1, 2017). Further, Trident's counsel is/was involved in many of the cases that this Court cited to in its endnote, a list that captures most of the cases that are part of the "Alston Machine", although there are a few others.

**10.   The undesirability of the case within the legal community in which the suit arose**

This factor does not apply to this litigation.

**11.   The nature and length of the professional relationship between attorney and client**

Trident has a longstanding professional relationship with The Law Offices of Ronald S. Canter, LLC for legal services.

**12.    Attorneys' fee awards in similar cases.**

Considering the discovery and motions practice in this case, Trident's request is reasonable in light of attorney fee awards in other FDCPA/FCRA litigation. *See, e.g., Randle v. H&P Capital, Inc.*, 513 Fed.Appx. 282 (4th Cir. 2013) (affirming consumer attorney's $76,876.59 fee award). However, since the number of hours expended on a particular matter is case specific, it is more prudent to use the lodestar method.

**V.    CONCLUSION**

Based upon the foregoing, Defendant Trident Asset Management, LLC respectfully request that this Honorable Court grant this Fee Petition and:

A.    Enter judgment in favor of Trident and against Plaintiff, Denise Miller, for the reasonable attorneys' fee and costs incurred in this matter from the filing of the Complaint through April 16, 2019 in the amount of SIX THOUSAND WIGHT HUNDRED FIFTY NINE FOLLARS AND FIFTY CENTS ($6,859.50);

B.    Enter judgment in favor of Trident and against Plaintiff, Denise Miller, her counsel, Jeffery Styles, Esq. and Washington Legal Group, LLC, jointly and severally, for the reasonable attorneys' fees and costs incurred in this matter from the filing of the Complaint through the filing of the Fee Petition, in the amount of TWENTY SIX THOUSAND FIVE HUNDRED NINETY ONE DOLLARS AND NINETY ONE CENTS ($26,591.91).

C.    For such other relief as justice may require.

                         THE LAW OFFICES OF RONALD S. CANTER, LLC

                         /s/ Bradley T. Canter
                         Bradley T. Canter, Esquire
                         Bar #18995
                         200A Monroe Street, Suite 104
                         Rockville, Maryland 20850
                         Telephone:  (301) 424-7490
                         Facsimile:   (301) 424-7470
                         E-Mail:  bcanter@roncanterllc.com
                         *Attorney for Defendant Trident Asset Management, LLC*

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by ECF procedures on this 11th day of December, 2019 to:

Jeffery W. Styles, Esq.
1666 K Street NW, Suite 440
Washington, DC 20006
jstyles@washlegal.com
*Attorney for Plaintiff*

                         /s/ Bradley T. Canter
                         Bradley T. Canter, Esquire
                         *Attorney for Trident Asset Management, LLC*