IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DENISE MILLER, )  )  Plaintiff, )  ) v. ) Case No. 18-cv-02538 (ADC)  ) FIRST PREMIER CORPORATION, et. al. )  ) Defendants. ) | |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S ATTORNEY FEE PETITION
PURSUANT TO THIS COURT'S DECEMBER 4, 2019 ORDER

COMES NOW, the Plaintiff, Denise Miller, by and through her counsel, Jeffrey W. Styles and Washington Legal Group, LLC, submits her Opposition to Defendant's Attorney Fee Petition pursuant to this Court's December 4, 2019 Order, and in support thereof states:

1.  Defendant's fee petition is improper because it is not in compliance with the Court's December 4, 2019 Order. More specifically, the Order awarded attorney's fees "from April 17, 2019 until this litigation concludes." ECF 168. Despite the Order, the Defendant has requested attorneys' fees and costs of $6,859.50 that were "incurred in this matter from the filing of the Complaint through April 16, 2019." ECF 172, Pg. 9.

2.  Defendant's requests for attorney's fees is unreasonable because the requested rates are not supported, and the number of hours is excessive. As for the requested rates, the Defendant offers little support for Ronald S. Canter's rate of $445-$455. As the fee applicant, it is incumbent that Defendant establish "requested hourly rates are consistent with the prevailing market rates in the relevant community for the type of work for which she seeks an award." *McAfee v. Boczar*, 738 F.3d 81, 91 (4th Cir. 2013) (brackets and citation omitted). Relying

1

exclusively on Section 3 of Appendix B to the Local Rules, the Defendant has only established that a market rate of in the range of $300-$475 is presumptively reasonable for Ronald S. Canter.

3. While Bradley T. Canter attests that his "customary hourly fee … that [h]e billed to the Defendant in this matter was $245.00 in 2018 and $255.00 in 2019," ECF 172-4 ¶ 10, he does not attest that Ronald S. Canter *billed* the Defendant. Instead, Mr. Canter asserts that Ronald S. Canter *charges* $445.00 to $455.00, but does not attest the he receives, let alone regularly receives $445.00 to $455.00. Accordingly, Ronald S. Canter's rate should be no more than $300.

4. Regarding the number of hours expended in this action, the hours are grossly excessive. Defendant claims to have expended 125.5 hours in this case, which covered a time span of approximately 16 months – from August 2018 to December 2019. In a similar case, *Alston v. Orion*, the Defendant expended only 72.50 hours, and that case covered a time period of over 30 months – from November 2016 to June 2019. *See Alston v. Orion*, Case No. 8:16-cv-03697-PJM, ECF 82-1 ¶ 11. In fact, the *Alston* case involved more filing -- e.g. motion to dismiss, petition for fees, motion for summary judgment, motion to certify, motion to strike cross-motion, motion to dismiss and request for sanctions, opposition to motion to enforce settlement agreement, opposition to motion to reconsider, etc. -- than the instant case that included a relative few number of similar filings (e.g. motion for sanctions, motion for summary judgment, motion to strike affidavit, second motion for sanctions, opposition to motion to amend, opposition to motion to alter or amend, etc.).

5. However, the Defendant's attorney's fees -- $8,756.50 -- in *Alston* for motions practice was half the amount of attorney's fees -- $17,926.00 -- for Defendant in this case. Defendant's attorney's fees in the case sub judice, which covers an 8-month period, should be

substantially less than its attorney's fees in *Alston*, not twice as much. Thus, Defendant's request of $26,591.91 should be reduced by 60% to $10,636.76.[1]

5.  Finally, Defendant's attorney fee request should be reduced by an additional 10% to account for the litany of over charges, such as, requesting full attorney fee rate for *driving* and attending a settlement conference. *See* ECF 172-6, Pg. 10. This request alone is twice as much as the reasonable amount for such activity. *See Parker v. New England Motor Freight. Inc.*, 2007 WL 9782528, *4 (D. Md. Jul. 17, 2007) ("[T]he Court will not award the entire requested amount for travel and attendance, as the settlement conference was at least minimally productive. The Court therefore awards Defendants 1.65 hours in attorney's fees (one-half of the requested time) for time spent in travel and attendance."). Thus, Defendant's attorney's fee request should be reduced an addition 10% from $10,636.76 to $9,573.08.

For the foregoing reasons the Plaintiff respectfully requests the Court DENY the Defendant's Motion for Attorney's Fees.

Respectfully submitted,

DENISE MILLER

/s/
Jeffrey W. Styles, Esq., Bar #20659
Washington Legal Group, LLC
1666 K Street, NW, Suite 440
Washington, DC 20006
Tel: (202) 503-1708
Email: jstyles@washlegal.com

*Attorney for Plaintiff Denise Miller*

---

[1] Defendant's only support for its excessive attorney's fee award is a citation to *Randle v. H&P Capital, Inc.*, 513 Fed.Appx. 282 (4th Cir. 2013), which is not remotely analogous. In *Randle*, the plaintiff sought to represent a class and the attorney represented the plaintiff on a contingency basis. Nothing in the opinion provides support for Defendant's request hours and rates in this action.

## CERTIFICATE OF SERVICE

      I certify that on January 6, 2020, a copy of the foregoing Motion was caused to be served on all parties by filing these documents with the Clerk of Court who enters the documents into the Court's CM/EMF system, which electronically transmits a copy to the registered participants as identified on the Notice of Electronic Filing.

                                                                    _____/s/_____
                                                           Jeffery W. Styles