# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
(410) 962-0868 FAX
MDD_ADCchambers@mdd.uscourts.gov

July 16, 2020

TO ALL COUNSEL OF RECORD

Re: *Denise Miller v. Trident Asset Management, LLC, et al.*
Civil No. ADC-18-2538

Dear Counsel:

This case was referred to me for all proceedings on February 5, 2019 (ECF 69). The Court entered a Memorandum Opinion and Order granting summary judgment and dismissing the complaint as to the last remaining defendant Trident Management on September 18, 2019 (ECF 149-50). On December 4, 2019 the Court entered an Order granting Defendant's motion for sanctions (ECF 168). Plaintiff noticed an appeal on December 9, 2019 (ECF 169). The remaining issue for this Court is to resolve the motion for attorneys' fees awarded as sanctions against Plaintiff and her counsel (ECF 172). I have reviewed the motion for attorneys' fees (ECF 172) and the response (ECF 178) and reply (ECF 179). The matter is fully briefed and there is no need for a hearing. Local Rule 105.6.

This Court has great discretion in awarding attorneys' fees and sanctions in discovery disputes. *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 497 (D.Md. 2000) ("[T]his Court has authority to redress discovery misconduct under the Federal Rules as well as under its inherent powers, and can impose a range of sanctions[, including] award of expenses against both a party and its counsel . . . .").

The Court incorporates the facts and findings of the Memorandum Opinion (ECF 149).  In considering a fee award, the Court must consider the twelve factors that the Fourth Circuit set forth in *Barber v. Kimbrell's Inc.,* to the extent that such factors are applicable. These factors include (1) the time and labor expended (2) the novelty and difficulty of the questions raised (3) the skill required to properly perform the legal services rendered (4) the attorney's opportunity costs in pressing the instant litigation (5) the customary fees for like work (6) the attorney's expectation at the outset of the litigation (7) the time limitations imposed by the client or circumstances (8) the amount in controversy and the results obtained (9) the experience, reputation and ability of the attorney (10) the undesirability of the case within the legal community in which the suit arose (11) the nature and length of the professional relationship between attorney and client, and (12) attorneys' fees in similar cases. *Barber,* 577 F.2d at n.28. In this District, Appendix B of the Local Rules of the District of Maryland established the rules and guidelines for determining attorneys' fees in cases such as this.

I have reviewed the petition filed by Defendant along with the affidavit and supporting documents. I agree with Defendant's analysis under *Barber* and find that the factors support the award as requested. I also find that the Defendant has met its burden as to the lodestar method and Local

*Miller v. Trident Asset Management, LLC, et al.*
Civil No. ADC-18-2538
July 16, 2020
Page 2

Rules Appendix B in support of its petition. The hourly rate is within the Appendix B Guidelines and is presumptively reasonable. The time sheet (ECF 172-5) accurately tracks the course of this litigation. I find that the time sheet and further breakdown of attorneys' fees and costs (ECF 172-6) fully support the Defendant's request.

I further find that the Response filed by Plaintiff is totally unpersuasive and misstates the Order of this Court. The Defendant incurred fees and costs as a direct result of Plaintiff's activity in this case, activity that this Court has found was baseless and nothing more than an attempt to wring a settlement from Defendant. This is better described in this Court's Memorandum Opinion but is worth repeating.

In conclusion, for the reasons stated herein and consistent with the Memorandum Opinion of this Court (ECF 149), Defendant's Motion for Attorneys' Fees and Expenses (ECF-172) is GRANTED and Plaintiff Denise Miller, individually is ORDERED to pay $6,859.90 in attorneys' fees incurred by Defendant from the Removal to this Court on August 17, 2018 up to the date of April 17, 2019; and, Plaintiff Denise Miller and her counsel Jeffrey W. Styles Esquire and Washington Legal Group LLC, jointly and severally are ORDERED to pay $26,591.91 representing attorneys' fees incurred from April 17, 2019 through the conclusion of this litigation.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge